Matter of Briglin v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 03601)

Matter of Briglin v New York State Dept. of Corr. & Community Supervision

2022 NY Slip Op 03601

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

209 CA 21-00220

[*1]IN THE MATTER OF TODD R. BRIGLIN, PETITIONER-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

TODD R. BRIGLIN, PETITIONER-APPELLANT PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Kevin M. Nasca, J.), entered December 28, 2020 in a proceeding pursuant to CPLR article 78. The judgment, among other things, denied petitioner's motion for leave to reargue, granted respondent's motion for leave to reargue and, upon reargument, dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment that denied his motion for leave to reargue, granted the motion of respondent for leave to reargue and, upon reargument, dismissed the petition. The appeal from that part of the judgment denying petitioner's motion for leave to reargue must be dismissed inasmuch as no appeal lies therefrom (see People ex rel. Hinspeter v Artus, 159 AD3d 1539, 1540 [4th Dept 2018], lv dismissed 31 NY3d 1139 [2018], rearg denied 32 NY3d 1042 [2018]). Because petitioner was released to parole in December 2020, the remainder of the appeal must be dismissed as moot (see People ex rel. Luck v Squires, 173 AD3d 1767, 1767 [4th Dept 2019]; People ex rel. Seals v New York State Dept. of Correctional Servs., 32 AD3d 1262, 1263 [4th Dept 2006]). Contrary to petitioner's contention, we conclude that the exception to the mootness doctrine does not apply (see Luck, 173 AD3d at 1767-1768; People ex rel. Winters v Crowley, 166 AD3d 1525, 1525 [4th Dept 2018], lv denied 32 NY3d 917 [2019]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court